IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CLIFFORD RAY WARD, #19031-078 | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1341 |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION ADOPTING THE REPORT
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Clifford Ray Ward, proceeding *pro se*, an inmate confined at the Federal Penitentiary in Texarkana, Texas, filed this motion to vacate, set aside, or correct his sentence under section 2255. The case was referred to the United States Magistrate Judge, the Honorable Judge K. Nicole Mitchell, for findings of law, conclusions, and recommendations for the disposition of the case.

**I. Background**

Ward is in federal custody pursuant to a conviction for the offense of conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846. On January 23, 2013, Ward pleaded guilty pursuant to a negotiated plea agreement. According to his final Presentence Investigation Report, (PSR), Ward qualified as a career offender under the United States Sentencing Guidelines—particularly given his multiple, previous Texas convictions for possession with the intent to deliver. Pursuant to the plea agreement, on April 16, 2013, the Court sentenced Ward to 144 months' imprisonment, or twelve years. Ward did not file a direct appeal. He filed this section 2255 motion on November 30, 2016.

**II. Ward's Federal Claims**

In his motion, Ward maintained that, under *Mathis v. United States*, 136 S.Ct. 2243, 2248-57 (2016), and *United States v. Hinkle*, 832 F.3d 569, 572-77 (5th Cir. 2016), his previous Texas convictions for possession of cocaine, with intent to deliver, did not qualify as "controlled substance offenses." He contended that he cannot be classified as a career offender under the sentencing guidelines because his convictions are not considered drug trafficking crimes. In response, (Dkt. #9), the Government argued Ward's motion is untimely and that *Mathis* and *Hinkle* do not apply retroactively on collateral review. Ward filed a reply to the Government's response, contending that the Government has essentially conceded, (Dkt. #11).

After a review of the pleadings, the Magistrate Judge issued a Report, (Dkt. #14), recommending that Movant's motion be dismissed, with prejudice, as untimely. Judge Mitchell also recommended that Movant be denied a certificate of appealability *sua sponte*. Specifically, Judge Mitchell found that neither *Mathis* nor *Hinkle* applies to his case because *Mathis* did not create a new constitutional right and, crucially, the United States Supreme Court did not explicitly hold that *Mathis* applied retroactively. *See Sharbutt v. Vasquez*, 749 F. App'x 307, 308 (5th Cir. 2019) (Mem) ("Moreover, *Mathis* does not apply retroactively.").

Judge Mitchell explained that the Fifth Circuit specifically found that *Mathis* does not set forth a new rule of constitutional law that was made to apply retroactively to collateral proceedings. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying successive application under 28 U.S.C. § 2255(h) because *Mathis* did not set forth a new rule of constitutional law that has been made retroactive on collateral review); *see also Thompson v. United States*, 2017 WL 1629141, slip. op. at *2 (N.D. Tex. Apr. 13, 2017) ("However, *Mathis* did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review.").

2

Similarly, *Hinkle* did not create a new constitutional right and is not a Supreme Court opinion. *See Unites States v. Bermea*, 2017 WL 821787, slip. op. at *2 (S.D. Tex. Mar. 2, 2017) (Although *Hinkle* changed the interpretation of the effect of a particular type of conviction, it did not write a new law and is not a retroactively applicable Supreme Court decision.").

On objection, Movant argues that the procedural bar should not apply and that his prior drug offenses would not qualify as serious drug offenses. Movant maintains that both *Mathis* and *Hinkle* were decided after the time for which relief could be afforded, so he could not have anticipated a change. He then repeats the legal language surrounding the Fifth Circuit's opinion in *Hinkle*. Movant then suggests that the Court "extend" justice "to give [effect] to what is now assumed good law." (Dkt. # 18, pg. 2). This assertion suggests that Movant is urging this Court to ignore the federal precedent concerning retroactivity on collateral review. Movant asks the Court to look beyond the "retroactive effect," because he "is definitely entitled to relief."

Movant's objections must be overruled. As explained in her Report, Judge Mitchell highlighted how an otherwise untimely section 2255 motion, based on a new constitutional right, may be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). However, this exception does not extend to rights that have not been made retroactive to cases on collateral review—such as Movant's section 2255 motion. *See, e.g.*, *U.S. v. Williams*, 402 Fed.App'x 945 (5th Cir. 2010).

The Court understands that both *Mathis* and *Hinkle* were decided after Movant was convicted and sentenced. Nonetheless, because neither case was held to apply retroactively, this Court cannot grant Movant relief. To do so would ignore both Supreme Court and Fifth Circuit

precedent—precedent that is binding on this Court. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("Quite significantly, under this provision, the Supreme Court is the only entity that can make a new rule retroactive. The new rule becomes retroactive, **not by the decisions of the lower court** or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.") (internal quotation omitted) (emphasis added). Accordingly, Movant's objections must be overruled.

Finally, the Supreme Court held that the sentencing guidelines were not subject to challenge for vagueness under the Due Process Clause. *Beckles v. U.S.*, 137 S.Ct. 886, 894 (2017). The Fifth Circuit has thus routinely cited *Beckles* in rejecting constitutional vagueness challenges to the sentencing guidelines. *United States v. Osorio*, 734 F. App'x 922, 924 (5th Cir. 2018); *United States v. Gonzales*, 714 F. App'x 367, 370 (5th Cir. 2017); *United States v. Rodriguez-Lopez*, 697 F. App'x 304, 305 (5th Cir. 2017). Here, given that Movant's PSR shows that the sentencing guidelines were used to find that he is a career offender, Movant's claims further lack merit.

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Movant's objections are without merit. Accordingly, it is

**ORDERED** that Movant's objections, (Dkt. #18), are overruled and the Report of the Magistrate Judge, (Dkt. #14), is **ADOPTED** as the opinion of the District Court. It is also

**ORDERED** that the above-styled civil action is **DISMISSED** with prejudice. Moreover, it is

**ORDERED** that Movant Ward is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED April 21, 2019.**

_____
Ron Clark, Senior District Judge